IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-367-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN WILLIS GRANT | ) | |

This cause comes before the Court on defendant's motion for amended restitution order pursuant to 18 U.S.C. § 3664 and motion to quash. For the reasons discussed below, both motions are denied.

## BACKGROUND

Defendant was sentenced on May 3, 2013, to a term of imprisonment of seventy-eight months following her plea of guilty pursuant to a plea agreement to one count of mail fraud in violation of 18 U.S.C. § 1341. Defendant's judgment of conviction further reflects that she was order to make restitution in the amount of $13,594,547.69. Restitution was ordered to paid in full immediately, but if defendant was unable to pay in full immediately, restitution payments were permitted to be paid through the Inmate Financial Responsibility Program while defendant remains incarcerated. After defendant's release, should her restitution obligation not be fully satisfied, defendant shall pay $50 per month and such amount may be modified as necessary.

Defendants asks that the Court order restitution payment terms of $25 per quarter. Defendant is currently paying $25 per quarter, but has been notified that her payment amount will be raised under the Inmate Financial Responsibility Program due to her outside resources. In her motion to quash, defendant asks that a subpoena to produce documents, information, or objects

that was served upon her accounting firm be quashed, as well as any other subpoena the government wishes to serve on persons or businesses.

## DISCUSSION

Defendant contends that this Court must amend its restitution order because it has delegated the responsibility of determining a payment schedule to the Bureau of Prison's (BOP) Inmate Financial Responsibility Program. Defendant has cited no authority, however, that would provide a basis for this Court to amend its final judgment. The Mandatory Victim Restitution Act, upon which defendant relies, provides that a payment plan for payment of restitution must be established at the time that judgment is entered. 18 U.S.C. § 3664(f). A payment plan was established at the time of entry of judgment when the Court ordered that restitution was due in full immediately and set a payment schedule of $50 per month after defendant's release. *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000); *see also United States v. Lemoine*, 546 F.3d 1042, 1048 n.4 (9th Cir. 2008) (noting Fourth Circuit holding that "a judgment of conviction need not contain a schedule of restitution payments to be made during the period of incarceration.").

Insofar as defendant is dissatisfied with the BOP's required payment through the Inmate Financial Responsibility Program, she has failed to demonstrate that she has exhausted her administrative remedies. Under regulations governing the BOP, defendant must pursue her claim administratively prior to seeking redress in this Court. *McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)). For these reasons, defendant's motion for amended restitution order is denied.

2

Defendant has also filed a motion to quash a subpoena directed at her accounting firm and any other person or business on which the United States wishes to serve a subpoena. In response, the government has stated that the accounting firm has already responded to its subpoena, making defendant's motion to quash as to this particular subpoena moot. Defendant's general challenge to the government's ability to issue subpoenas to other persons or entities in order to collect restitution is without merit. Restitution may be collected in the same manner as a fine, 18 U.S.C. § 3613(f), and a criminal fine may be collected in the same manner as a civil judgment. 18 U.S.C. § 3613(a). In her motion, defendant has identified no basis that would support her request to quash any specific subpoena, *see* Fed. R. Civ. P. 45(d)(3), nor has she cited any authority that would permit the Court to prevent the government from serving subpoenas in aid of collecting restitution in this matter in the future. Defendant's motion to quash is therefore denied.

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion for amended restitution order [DE 33] and motion to quash [DE 35] are DENIED.

SO ORDERED, this 24 day of January, 2014

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE